

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MERLYN MARCEAU,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD, STATE OF MONTANA, et. al.,<br><br>Respondent. | Cause No. CV 15-121-M-DLC-JCL<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Petitioner Marceau filed this action seeking a writ of habeas corpus under 28 U.S.C. § 2254 on September 18, 2015. Mr. Marceau is a state prisoner proceeding pro se.

## I. Background

In 1990, Marceau was charged with felony burglary in the Montana Eighth Judicial District, Cascade County. (Doc. 1 at 3); see also *Marceau v. Kirkegard*, OP 15-0355, Or. at 1. (filed Aug. 25, 2015).[1] After pleading guilty, Marceau was sentenced to the Montana State Prison for a term of fifteen years with five of those years suspended. *Id.* On July 25, 1995, Marceau discharged his prison term and began serving the suspended portion of his sentence. On August 18, 1995, a

---

[1] *Available at* http://supremecourtdocket.mt.gov (accessed Nov. 12, 2015).

petition to revoke was filed. Ultimately, Marceau's five-year suspended sentence was revoked, but the court reinstated his suspended sentence with no credit for street time. *Marceau v. Kirkegard*, OP 15-0355, Or. at 1.

In February of 1996, Marceau was charged in the Eleventh Judicial District, Flathead County, with two counts of sexual intercourse without consent. *Id.* The offenses were alleged to have occurred on January 14, 1996. Marceau plead guilty to one of the counts in August of 1996; in January of 1997 Marceau was sentenced to forty years at the Montana State Prison with twenty of the years suspended.[2] *Id.*; see also (doc. 1 at 3). Following this conviction and sentence, a second petition to revoke Marceau's five year suspended Cascade County sentence was filed. Marceau admitted to violating conditions and the Cascade County District Court revoked Marceau's suspended sentence. On January 14, 1997, Marceau was sentenced to the Montana State Prison for a five-year term and the sentence was ordered to run consecutively to any other sentence that Marceau was currently serving. *Id.* at 2; see also *Marceau v. Kirkegard*, OP 15-0355, Resp. Br. at 3. (filed Aug. 14, 2015).

In January 2006, Marceau discharged the twenty-year prison term of his Flathead County sentence and began serving the five-year Cascade County

---

[2] Marceau's parole eligibility was restricted for five years and further specifically conditioned upon his successful completion of all phases of the sex offender and chemical dependency treatment programs in prison. See *Marceau v. Mahoney*, OP 07-0662, Or. at 1 (filed Jan. 16, 2008).

2

sentence. The Cascade County sentence was subsequently discharged on July 10, 2008. At that point, Marceau began serving the suspended portion of his Flathead County sentence. *Marceau v. Kirkegard*, OP 15-0355, Or. at 2. In early 2009 a petition to revoke was filed in Flathead County. In May 2009, a dispositional hearing was held wherein Marceau was sentenced to the Montana State Prison for twenty years. *Id.* Marceau was credited with 198 days for time served in detention, but did not receive any credit for time served while on probation. *Id.*

In June of 2015, Marceau filed a petition for a writ of habeas corpus in the Montana Supreme Court. *Marceau v. Kirkegard*, OP 15-0355, Br. (filed June 11, 2015). Marceau raised the same arguments there that he now raises before this Court. First, Marceau alleged that the Cascade County District Court lacked authority to run its sentence consecutively to Marceau's Flathead County sentence. *Id.* at 3. Next, he argued that his release date and parole eligibility dates were improperly calculated, because he had not been credited with street time and had not been before the Board of Pardons and Parole in contravention of his right to Due Process of Law. *Id.* at 4-6. Finally, Marceau argued that under *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), his right to a plea bargain was violated by the trial court when he received a "harsher" sentence upon revocation. *Id.* at 6-7.

The Montana Supreme Court denied Marceau relief on all his claims finding that he was "doubly constrained:" not only did he fail to meet his burden of

persuasion in the habeas context, but he also had no avenue to challenge the legality of the sentence he received upon revocation pursuant to Mont. Code Ann. § 46-22-101(2). *Marceau v. Kirkegard*, OP 15-0355, Or. at 5 (filed Aug. 25, 2015). In support of its finding, the Court relied upon the rationale provided in the State's response to Marceau's petition.

In relation to Marceau's argument that the Cascade County Court had no authority to run its sentence consecutively, Marceau had been relying upon the incorrect 1985 statutory provision, when he should have looked to the 1995 statute. Specifically, MCA § 46-18-401(4) (1995) provides: "Separate sentences for two or more offenses must run consecutively unless the court otherwise orders." In Marceau's case there was no ambiguity, the Cascade County District Court specifically stated in its dispositional order following revocation that its sentence was to run consecutively to any other sentence Marceau was already serving. Order, *Marceau v. Kirkegard*, OP 15-0355, at 3. Thus, the Cascade County Court had the statutory authority to run its sentence consecutively and advised Marceau explicitly of its intent to do so. *Id.*

Likewise, the Court found Marceau's arguments pertaining to his release date and his parole eligibility date unavailing. The State pointed out that Marceau was mistaken in his discharge date for the Flathead County sentence. *Id.* The proper discharge date was November 9, 2018, and not May 8, 2015, as Marceau

contended. This date resulted because the Flathead County Court refused to give Marceau credit for street time based upon the nature of his violations, his criminal history, and the recommendation from Adult Probation and Parole. *Id.* The trial court had this discretion under MCA § 46-18-201(7)(b). It was noted that neither Flathead County nor Cascade County gave Marceau credit for time on probation or street time upon revocation. *Id.* at 4.

In relation to his parole eligibility, because Marceau discharged the Cascade County sentence in 2008, his argument was moot, Marceau was serving the twenty year Flathead County prison sentence. The State acknowledged that Marceau's parole eligibility date on this sentence was November 10, 2013, but pointed out that he still had not completed the sex offender program as originally ordered by the Flathead County Court in 1997 and reinstated after Marceau's 2009 revocation. *Id.* The Court noted that requirement needs to be met before Marceau is eligible to appear before the parole board.

Finally, Marceau was procedurally barred from challenging his plea bargain via habeas corpus. *Id.*, citing MCA § 46-22-101(1) and *State v. Pavey*, 2010 MT 104, ¶ 11 (Once a defendant enters a guilty plea, he "may only attack the voluntary and intelligent character of the plea..."). The Court denied all claims contained in Marceau's petition.

## II. Claims

As set forth above, Marceau raises the identical claims before this Court that he raised with the Montana Supreme Court. First, he contends that the Cascade County Court lacked authority to run his revocation sentence consecutively to his Flathead County sentence. (Doc. 1 at 2). Marceau argues that in doing so, the Court violated his rights to due process and freedom from ex post facto. *Id.* at 4. Second, Marceau claims he is being unlawfully held past his discharge date, which he believes to be May 8, 2015. *Id.* at 7. Third, Marceau claims his right to due process has been violated because he has not yet been before the parole board. *Id.* at 7-8. Finally, Marceau alleges that he was denied his "constitutional right to a plea bargain" when he received a harsh sentence upon revocation, thereby eliminating the original benefit of the plea bargain. *Id.* at 9.

## III. Analysis

Marceau's petition should be denied in its entirety. As discussed below, Claims 1-3 are without merit and Claim 4 is frivolous.

### a. Claim 1

In support of his argument that his revocation sentence should not have been run consecutively, Marceau provides two exhibits. The first document purports to be dispatch notes from January 14, 1996, advising that Marceau was wanted for a suspected probation violation and authorizing a pick-up and hold. (Doc. 1-1 at 7).

The second exhibit is an Order to Detain signed by the Flathead County Justice of the Peace on January 17, 1996, directing the Sheriff of Flathead County to detain Marceau for a probation violation and setting bail in the amount of $10,000. (Doc. 1-1 at 8). It is not clear how either document serves to advance Marceau's claim.

Marceau argues here that the Montana Supreme Court was mistaken when it held that the 1985 sentencing statute regarding the consecutive nature of sentences should not apply. Marceau contends that because the sentence which he seeks to challenge is the original 1990 Cascade County sentence, and not the 1997 Flathead County sentence, the laws in effect at that time (i.e.- the 1985 version of § 46-18-401(5)) should apply.

The statue that Marceau believes to have been disregarded reads as follows:

> Except as provided in this subsection, whenever a prisoner is sentenced for an offense committed while he was imprisoned in the state prison or while he was released on parole or under the supervised release program, the new sentence runs consecutively with the remainder of the original sentence. The prisoner starts serving the new sentence when the original sentence has expired or when he is released on parole under chapter 23, part 2, of this title in regard to the original sentence, whichever is sooner. In the latter case, the sentences run concurrently from the time of his release on parole.

Section 46-18-401(5), MCA (1985). Even if this statute were to have applied at the time of Marceau's 1997 revocation, which this Court does not believe it did, Marceau does not fall within the class of individuals contemplated by the statute. He was not a prisoner being sentenced for an offense that he committed while he

7

was imprisoned, nor was he on parole or under supervised release. Rather, at the time Marceau committed the Flathead County crime he was on probation to which the statute is inapplicable. Moreover, this portion of the statute had been eliminated prior to 1996 when Marceau committed to offenses that led to both the Flathead County criminal conviction and the Cascade County revocation.

When Marceau appeared before the Cascade County District Court and entered admissions to violations of the probationary terms of his suspended sentence in January of 1997, the court had three distinct options: (1) continue his suspended sentence without a change in conditions, MCA §46-18-203(7)(a)(i); (2) continue the suspended sentence with modified or additional terms or conditions, MCA §46-18-203(7)(a)(ii); or, (3) revoke the suspended sentence and required Marceau to serve either the sentence imposed or any sentence that could have been imposed so long as that sentence did not include a longer imprisonment or commitment term than the original sentence, MCA §46-18-203(7)(a)(iiii). It chose the third option, and Marceau was sentenced to the Montana State Prison for a five-year term. There was nothing unlawful about the sentence itself.

Furthermore, as pointed out in the Montana Supreme Court's opinion, the Cascade County District Court had authority to run the revocation sentence consecutively to the Flathead County sentence. "Separate sentences for two or more offenses must run consecutively unless the court otherwise orders." Section

8

46-18-401(4), MCA (1995). The order Marceau received from the Cascade County District Court clearly advised him: "Defendant is sentenced to the Montana State Prison, said sentence to run CONSECUTIVE with any other sentences Defendant is currently serving." Order, *Marceau v. Kirkegard*, OP 15-0355, at 3, citing Disposition, Eighth Jud. Dist. Ct., Cascade Co., p. 4 (emphasis in original).

Because the statute upon which Marceau bases his argument is inapplicable, Ex Post Facto concerns are not triggered. Marceau failed to establish that the Montana Supreme Court erred in its decision; when engaging in Ex Post Facto analysis, this court "accepts the meaning ascribed to [state statutes] by the highest court of the state." *Souch v. Schaivo*, 289 F. 3d 616, 621 (9th Cir. 2002). The determination made by the Montana Supreme Court is an issue of state law and is not subject to review by a federal court. See *Mendez v. Small*, 298 F. 3d 1154, 1158 (9th Cir. 2002)("[a] state court has the last word on interpretation of state law")(citations omitted). The claim is without merit.

### b. Claim 2

Marceau believes that part of the miscalculation in his discharge date resulted from the two sentences running consecutively, rather than concurrently, as he argues in Claim 1. (Doc. 1 at 7). As discussed above, these sentences were clearly ordered to run consecutively to one another under the sentencing court's lawful authority. Marceau's argument that he should somehow receive two and a

half years of credit is without merit. Additionally, neither Flathead County nor Cascade County gave Marceau credit for time on probation or street time upon revocation. Thus, the argument that he is due 174 days of street time from Cascade County and 122 days of street time from Flathead County is unavailing. Marceau has not established a violation of a federal constitutional right, rather, this is a matter of state law and not subject to federal review. *Estelle v. McGuire*, ("we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions").

### c. Claim 3

Marceau contends that he has not been seen by the parole board and that his actual discharge date should have been May 8, 2015. As discussed above, this Court is not persuaded by Marceau's calculation of his discharge date. As far as the Cascade County sentence, it has no bearing on his parole date since that was discharged on July 10, 2008. This Court agrees with the Montana Supreme Court that any argument pertaining to parole eligibility in relation to that sentence is moot. See e.g., Or., *Marceau v. Kirkegard*, OP 15-0355, at 4.

The Montana Supreme Court also noted that the State has conceded Marceau became parole eligible on November 10, 2013. *Id.* The exhibits that Marceau has provided this Court reflect the same parole eligibility date. (Doc. 1-1 at 2). The Court noted in its opinion that the reason Marceau had not been seen by the parole

board is because he had not yet completed all of his treatment requirements. Or., *Marceau v. Kirkegard*, OP 15-0355, at 4. Marceau presentes nothing that would demonstrate he has now completed the requisite treatment programs and is, thus, eligible to appear before the parole board.

There is no support for Marceau's contention that his due process rights have been violated by being denied parole eligibility. Moreover, a state law issue cannot be mutated into one of federal constitutional law merely by invoking the specter of a due process violation. *Langford v. Day*, 110 F. 3d 1380, 1389 (9th Cir. 1996). This claim, too, lacks merit.

### d. Claim 4

*Lafler v. Cooper*, 132 S. Ct. 1376 (2012), upon which Marceau relies, does not stand for the premise which he seems to believe that it does. There the Court confirmed that it is a violation of a defendant's right to effective assistance of counsel if counsel's deficient advice results in the rejection of a plea bargain that would have resulted in a more favorable sentence than the outcome of a subsequent jury trial. *Lafler*, 132 S. Ct. at 1387.

Marceau received the benefit of a plea bargain when one of the two counts of sexual intercourse without consent was dismissed. He received a further benefit when twenty of the forty years of his Flathead County sentence were suspended. The fact that he was found to have violated the terms of the suspended portion of

his sentence and was subsequently revoked and returned to prison has nothing to do with his constitutional right to effective assistance of counsel during the plea bargain phase. There was no "deliberate deception" on the part of the State nor did the trial court act illegally. The harsh penalty that Marceau received following his revocation was a direct result of his own actions, not of any impropriety on the part of the parties involved in his case. Importantly, no constitutional right has been implicated; this claim is wholly frivolous and should be denied.

## Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Marceau has not made a substantial showing that he was deprived of a constitutional right. There are no close questions and there is no reason to encourage further proceedings. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

RECOMMENDATION

1. Mr. Marceau's petition should be DENIED and DISMISSED WITH PREJUDICE; his first three claims are without merit and his last claim is frivolous.

2. The Clerk of Court should be directed to enter, by separate document, a judgment of dismissal.

3. A certificate of appealability should be DENIED.

NOTICE OF RIGHT TO OBJECT
TO FINDINGS & RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Marceau may object to this Findings and Recommendation within 14 days.[3] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Mr. Marceau must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 16th day of November, 2015.

Jeremiah C. Lynch
United States Magistrate Judge

---

[3] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.

13