IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION
FILED

FEB 26 2016

Clerk, U.S Courts
District Of Montana
Missoula Division

| | |
|---|---|
| MERLYN MARCEAU,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD, STATE OF MONTANA, et. al.,<br><br>Respondent. | CV 15–121–M–DLC–JCL<br><br>ORDER |

United States Magistrate Judge Jeremiah C. Lynch entered his Findings and Recommendations on November 16, 2015, recommending that Petitioner Merlyn Lee Marceau's ("Marceau") petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, be denied. Marceau filed objections to the Findings and Recommendations on December 1, 2015, and so is entitled to de novo review of those Findings and Recommendations to which he specifically objects. 28 U.S.C. § 636(b)(1)(c). Those portions of the Findings and Recommendations to which Marceau has not specifically objected will be reviewed for clear error. 28 U.S.C. § 636(b)(1)(a); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Additionally, "[w]here a petitioner's objections

constitute 'perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original habeas petition,' the applicable portions of the findings and recommendations will be reviewed for clear error." *Rosling v. Kirkegard*, 2014 WL 693315, at *3 (D. Mont. Feb. 21, 2014) (quoting *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)). For the reasons listed below, the Court adopts Judge Lynch's Findings and Recommendations in full.

Having reviewed Marceau's objections and compared the arguments contained therein to those made in his habeas petition, the Court finds that Marceau specifies five objections. Marceau's first four objections restate the same contentions regarding his sentencing calculations and parole eligibility he made in this petition, and his habeas petition to the Montana Supreme Court, which was denied. *See* Order, *Marceau v. Kirkegard*, No. OP 15-0355 (Mont. Aug. 25, 2015). Marceau's fifth objection will be treated as a motion requesting that Judge Lynch voluntarily recuse himself from all further proceedings in this matter.

Marceau first contends that the Cascade County District Court possessed no authority to run his Cascade County sentence consecutive to his Flathead County sentence. This argument is in regard to the statutory amendments to Montana Code Annotated § 46–18–401. Marceau argues that subsection (5) of §

46–18–401, in effect as of 1985, allows for his 1990 felony burglary sentence to run concurrently with his 1996 sexual intercourse without consent (SIWC) sentence. This Court disagrees.

In 1996, Marceau was on probation for his 1990 felony burglary conviction when he was convicted of SIWC in Flathead County. His probation was revoked and Marceau was ordered to serve the remainder of his 1990 suspended sentence at the Montana State Prison. When he was sentenced in 1997 for both violating his probation and the SIWC conviction, subsection (5) of § 46–18–401 had been removed from the statute. Thus, the Cascade County District Court properly used the amended 1995 statute, which mandated the two sentences to run consecutively. Mont. Code Ann. § 46–18–401(4) (1995). The Montana Supreme Court addressed Marceau's argument and held that "a person has the right to be sentenced under the statutes which are in effect at the time of the offense." Order, *Marceau*, No. OP 15-0355, at 3–4 (citing *State v. Tracy*, 113 P.3d 297, 299 (Mont. 2005)). Under federal law, "[a] state court has the last word on interpretation of state law." *Mendez v. Small*, 298 F.3d 1154, 1158 (9th Cir. 2002). Therefore, since Marceau was sentenced to consecutive terms under the 1995 statute, which was the statute in place at his 1997 sentencing, his objection is without merit.

Secondly, Marceau argues that his release and parole eligibility dates were

improperly calculated because his sentences were to run concurrently and not consecutively; thus, he is entitled to two and a half years time credit for his suspended sentence. Under Montana Code Annotated § 46–18–201, the Cascade County District Court had discretion to consider the nature of Marceau's probation violation, his criminal history, and the recommendations from probation officers. The court chose to give him no credit for his time on probation, and had the authority under state statute to do this. Therefore, his second objection fails.

Marceau's third objection claims a violation of due process from the State's denial of parole eligibility. However, federal constitutional law is not invoked by the mere assertion of a due process violation. *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996). In Marceau's state habeas petition, the Montana Supreme Court held that even though the State conceded that Marceau was eligible for parole on November 10, 2013, he had not completed the required treatment for sex offenders and was not parole eligible. Order, *Marceau*, No. OP 15-0355, at 6. Marceau has produced no new evidence to show he completed such program. Therefore, Marceau was never eligible for parole and does not articulate a valid due process violation.

Fourth, Marceau contends that his right to a plea bargain was violated because he received a harsher sentence in his plea deal than he would have at trial.

Marceau relies on *Lafler v. Cooper* in his petition and objections. 132 S. Ct. 1376 (2012). However, as Judge Lynch found, *Lafler* is not applicable here. In *Lafler*, the petitioner sought relief for ineffective assistance of counsel when his trial counsel advised him to not take a plea, and he instead received a sentence three and a half times longer than he likely would have received by pleading guilty. *Id.* at 1386. The Court found this to be a constitutional violation. *Id.*

Here, *Lafler* does not apply because Marceau entered a plea that indeed reduced the maximum amount of prison time allowed under the statute. By 1996, Montana Code Annotated § 45–5–503 allowed for a maximum of 100 years imprisonment for a SIWC conviction.[1] Marceau pleaded guilty in exchange for a 40 year sentence with 20 years suspended. Thus, because his plea bargain sentence was less than the maximum sentence under the statute, Marceau did benefit from this plea. His current incarceration is due to his own actions on probation that prompted the revocation of the 20 year suspended sentence.

Furthermore, in Montana, once a defendant enters a guilty plea, he "may attack only the voluntary and intelligent character of the plea, any jurisdictional

---

[1] In 1995, the SIWC statute was amended to increase the maximum penalty for SIWC offenses to life imprisonment or 100 years. Mont. Code Ann. § 45–5–503(2) (1995). The statute reads the same today. Mont. Code Ann. § 45–5–503(2) (2015).

defects, and any specified pretrial rulings he has reserved the right to appeal." *State v. Pavey*, 231 P.3d 1104, 1107 (Mont. 2010). The record does not indicate that Marceau was not in the correct state of mind when entering this plea. Therefore, this objection is also without merit.

Finally, Marceau provides that recusal of Judge Lynch is appropriate because the judge "act[ed] as a prosecutor with extreme prejudice to the Petitioner." (Doc. 6 at 3.) The Court will treat this objection as a motion for voluntary recusal. Federal Rules of Civil Procedure allow replacement of a sitting judge if that judge "is unable to proceed." Fed. R. Civ. P. 63. In addition to death and disability, questions about the judge's impartiality may warrant recusal. Charles Alan Wright et al., *Federal Practice and Procedure* vol. 11, § 2922, 742–743 (West 2005). There are two general situations where the appearance of partiality requires recusal. First, recusal may be necessary when the judge's opinion of the litigants is formed by information learned outside the judicial proceeding. *Id.* at 744 (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Second, recusal may be appropriate in situations where information before the judge is limited to information learned during the course of the proceeding, but the judge's opinion is so extreme that fair judgment appears impossible. *Id.* (citing *Liteky*, 510 U.S. at 555) (describing this bias as a "display [of] deep-seated

favoritism or antagonism").

Marceau merely suggests that Judge Lynch was acting as a prosecutor with bias toward him, without any evidence to justify this position. The first situation explained above does not apply because no evidence suggests Judge Lynch learned any information about Marceau outside the judicial proceeding. Under the second situation, this Court does not find Judge Lynch's finding extreme and does not find that it displays any antagonism toward Marceau or favoritism toward the State. Therefore, Marceau's motion for recusal will be denied.

Accordingly, the Court reviews the remainder of Judge Lynch's Findings and Recommendations for clear error and, finding none, IT IS ORDERED that:

(1) Judge Lynch's Findings and Recommendations (Doc. 5) are ADOPTED IN FULL.

(2) Marceau's petition for writ of habeas corpus (Doc. 1) is DENIED and DISMISSED WITH PREJUDICE.

(3) Marceau's motion for voluntary recusal (Doc. 6 at 3) is DENIED.

(4) The Clerk of Court is directed to enter, by separate document, a judgment of DISMISSAL.

(5) A certificate of appealability is DENIED.

DATED this 26th day of February, 2016.

Dana L. Christensen, Chief Judge
United States District Court